# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| URENA JUAN, | : |
| Petitioner, | : Civ. No. 17-3953 (KM) |
| v. | : |
| CHARLES GREEN, | : **MEMORANDUM AND ORDER** |
| Respondent. | : |

The petitioner, Juan Urena,[1] is an immigration detainee currently lodged at the Essex County Correctional Facility in Newark, New Jersey. A native and citizen of the Dominican Republic, he entered the United States in 2002. In 2013, Mr. Urena was convicted of robbery – bodily injury of force. He was placed in immigration detention on August 24, 2016, and he remains there.

On April 4, 2017, an Immigration Judge ordered Mr. Urena removed from the United States. Mr. Urena appealed that decision to the Board of Immigration Appeals ("BIA"). That appeal remains pending before the BIA.

In May, 2017, Mr. Urena filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. He requests that a bond hearing take place. On July 5, 2017, the government filed its response to the habeas petition. (*See* Dkt. No. 4) In its response, the government states that it does not object to this Court's ordering that a bond hearing take place before an Immigration Judge.

The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal. This period of detention is known as the "pre-removal"

---

[1] Petitioner's name is actually Juan Urena; the clerk will be ordered to correct the caption to replace Urena Juan with Juan Urena.

period. As Mr. Urena's appeal remains pending before the Board of Immigration Appeals, his order of removal is not final. *See* 8 C.F.R. § 1241.1(a) (order of removal by Immigration Judge becomes final upon dismissal of appeal by the BIA). Detention of an alien in the pre-removal period is governed by Section 1226 of Title 8 of the United States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
> (B) conditional parole; ...

8 U.S.C. § 1226(a). "Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to mandatory pre-removal detention:

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
> when the alien is released, without regard to whether the alien is release on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), the United States Court of Appeals for the Third Circuit established a framework for analyzing the permissibility of pre-removal detention:

> [Title 8, United States Code, Section] 1226(c) contains an implicit limitation on reasonableness: the statute authorizes only mandatory detention that is reasonable in length. After that, § 1226(c) yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose.... Should the length of [an alien's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof.

656 F.3d at 235. *Diop* did not state a specific length of pre-removal-order detention beyond which a petitioner would be entitled to a bond hearing. *See id.* at 234; *see also Carter v. Aviles*, No. 13–3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014) ("[T]he Third Circuit has not set a 'universal point' when mandatory detention under § 1226(c) is unreasonable.") (citing *Leslie v. Attorney Gen.*, 678 F.3d 265, 270–71 (3d Cir.2012)); *Barcelona v. Napolitano*, No. 12–7494, 2013 WL 6188478, at *1 (D.N.J. Nov. 26, 2013) ("The Court of Appeals in *Diop* declined to adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention.") (citation omitted). Instead, the Third Circuit noted that "[r]easonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of a particular case." *Diop*, 656 F.3d at 234. A reasonableness determination "must take into account a given individual detainee's need for more or less time, as well as the exigencies of a particular case." *Id.* However, "'the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds.'" *Chavez–Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015) (quoting *Diop*, 656 F.3d at 232, 234). Indeed, in *Chavez–Alvarez*, the Third Circuit noted with respect to the

3

circumstances of that particular case that sometime after six months, and certainly within a year, the burden to the petitioner's liberties would outweigh any justification to detain the petitioner without a bond hearing. *See id.* at 478. A petitioner's bad faith, too, has at least the potential to influence the determination of whether a bond hearing should be ordered. *See Chavez-Alvarez*, 783 F.3d at 476 ("Because we conclude that Chavez-Alvarez did not act in bad faith, we do not need to decide here whether an alien's delay tactics should preclude a bond hearing.").

In the pre-removal context under *Diop* and *Chavez-Alvarez*, the proper relief is to order a bond hearing before the Immigration Judge, not to order the petitioner released from immigration detention. *See Morrison v. Elwood*, No. 12-4649, 2013 WL 323340, at *1 (D.N.J. Jan. 28, 2013) ("This Court's power to entertain habeas applications ensues from the narrowly-tailored mandate of 28 U.S.C. § 2241, which – with respect to the claims raised by pre-removal order alien detainee's – allows relief limited to a directive of a bond hearing.") (citing *Diop*, 656 F.3d 221).

In this case, Mr. Urena has been detained pursuant to § 1226(c) for over ten months. The government concedes at this point that it would be appropriate for this Court to order that a bond hearing be held by an Immigration Judge in accord with *Chavez-Alvarez*. In light of the length of time Mr. Urena has been in immigration detention, the lack of any evidence of bad faith on Mr. Urena's part, and the government's consent, this Court will grant the habeas petition and direct that an Immigration Judge conduct a bond hearing.

Accordingly, IT IS this 6th day of July, 2017,

ORDERED that the Clerk shall replace Urena Juan with Juan Urena as the name of the petitioner in this action; and it is further

ORDERED that the petition for writ of habeas corpus is granted; and it is further

ORDERED that an Immigration Judge shall provide Mr. Urena with an individualized bond hearing, pursuant to 8 U.S.C. § 1226, within fourteen (14) days of the date of this Order; and it is further

ORDERED that the respondent shall report the outcome of the bond proceeding to this Court within seven (7) days after it occurs; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order on Mr. Urena by regular U.S. mail; and it is further

ORDERED that the Clerk shall mark this case as closed.

KEVIN MCNULTY
United States District Judge